UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

                                                                                                Case #10-CR-6096-FPG

v.

                                                                             DECISION & ORDER

JANINE PLAZA PIERCE,

                                Defendant.
_____

      By Text Order of Hon. Charles J. Siragusa, entered on March 1, 2011, Defendant Janine Plaza Pierce's case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). ECF No. 75. As part of a Second Superseding Indictment involving multiple defendants and alleging a drug conspiracy occurring from 1993 through March 2, 2011, firearms crimes, and murder while engaged in a drug crime (ECF No. 268), Defendant Plaza Pierce has been charged with Counts 1, 10 and 14 (to wit: Narcotics Conspiracy in violation of 21 U.S.C. § 846; Possession and Discharge of Firearms in Furtherance of Drug Crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2; and Murder While Engaged in Drug Crime in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2).

      Following an indication by counsel for Defendant Plaza Pierce of the intention to seek to suppress statements made to law enforcement on June 9, 1999 and June 17, 1999, the Magistrate Judge held a suppression hearing on July 31, 2012 (ECF No. 300), at the conclusion of which hearing proof was held open, at defense counsel's request, until after the government made a determination as to whether to seek the death penalty (*Id.*). In the instant Report and Recommendation filed on November 20, 2014 (ECF No. 619), the Magistrate Judge, noting that the government eventually determined that it would not seek the death penalty, defense counsel advised

the Court that Defendant would present no further proof, and post-hearing briefing was submitted by all parties, set forth the pertinent facts, the applicable relevant legal principles and the legal reasoning underlying the recommendation that this Court deny Defendant's motion to suppress the statements. Additionally, pursuant to 28 U.S.C. § 636(b)(1) and Rule 59(b)(2) of the Local Rules of Criminal Procedure for the Western District of New York, the Magistrate Judge ordered any Objections to the Report and Recommendation to be filed within fourteen (14) days after receipt of the Report and Recommendation and set the due date as December 8, 2014. *Id.*

The statutory period for filing such Objections has expired, and the Court has not received any Objections to Report and Recommendation during the filing period. Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Magistrate Judge's Report and Recommendation to which objections have been made. Under this provision, "[a] judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

Upon reviewing all matters submitted, I find no basis to alter, modify, or reject any of the findings and conclusions set forth in the Report and Recommendation. The Magistrate Judge's recommendation to deny the motion to suppress reflects a well-reasoned analysis of the facts and application of the relevant law.

Accordingly, I accept and adopt the written Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (ECF No. 619) in its entirety. Defendant's Motion to suppress evidence of the statements made to law enforcement June 9, 1999 and June 17, 1999, is hereby denied.

IT IS SO ORDERED.

Dated: December 18, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge

2